UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED SENNIE,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS, Warden,<br><br>    Respondent. | Case No. 16-cv-05949-YGR (PR)<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that his constitutional rights were violated in connection with a decision by the California Board of Parole Hearings ("Board") in denying him parole on April 9, 2015. Petitioner specifically claims that the decision does not comport with due process because it is not supported by "some evidence" demonstrating that he poses a current unreasonable threat to the public.[1] Petitioner has paid the full filing fee.

A prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). The allegations in the petition show Petitioner received at least this amount of process. Dkt. 1 at 28-64; Dkt. 1-1 at 1-64; Dkt. 1-2 at 1-7. The Constitution does not require more. *Swarthout*, 562 U.S. at 220.

---

[1] Petitioner's claim relating to an alleged violation of a state court settlement agreement in *In re Butler*, Cal. Ct. App. Case Nos. A139411 and A137273, does not show that he is in custody in "violation of the Constitution or laws or treaties of the United States," as is necessary for federal habeas relief under 28 U.S.C. § 2254. A state court settlement agreement might create state law rights, but the Supreme Court has repeatedly held that the federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthiest v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, the settlement agreement in *In re Butler*, required only that the Board take steps to set "base terms and adjusted base terms for life term inmates," *see* Dkt. 1-2 at 12, and did not require that the Board release any prisoner or find any prisoner suitable for parole.

1     Whether the Board's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 221.

    For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

    The Clerk of the Court shall terminate all pending motions and close the file.

    IT IS SO ORDERED.

Dated: February 17, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge